WILLIAM F. PETILLON

*v.*

WILLIAM GILMAN.

APPEAL — *dismissing for failure to justify security.* Where an appeal bond is approved by the clerk it will be presumed that the security is sufficient, and where no ground is shown therefor, as, the insufficiency of the security, it is error to require the surety to justify and to dismiss the appeal for non-compliance with such rule.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. OMAR BUSHNELL, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The error assigned is in the dismissal of an appeal from a justice of the peace for non-compliance with a rule to have the surety on the appeal bond justify in open court, or to file a new appeal bond.

The appeal from the justice of the peace had been taken to the Superior Court of Cook County — the appeal bond having been filed with the clerk of the court and approved by him. June 5, 1876, plaintiff's attorney gave notice in writing to defendant's attorney that on June 6, 1876, he would move the court for a rule on the defendant to justify surety and perfect appeal bond in the case. In pursuance whereof, and on motion made, the court, on June 6, 1876, entered a rule on the defendant to justify surety or file a new appeal bond by June 13, 1876, the defendant's counsel objecting to the entry of any rule, as the bond appeared to be sufficient. On June 15, 1876, on motion of plaintiff's counsel, the court dismissed the appeal for non-compliance with the rule. The bill of exceptions shows that nothing more than as above was offered, heard, or filed in support of the motions.

We perceive no objection to the appeal bond in point of

26 — 86TH ILL.

form. No grounds were shown for the rule — no evidence whatever having been given of the insufficiency of the security — and the court erred in dismissing the appeal. The statute authorizes the clerk of the court to approve the appeal bond, and when he does so, the presumption is that the security is sufficient, until rebutted by some showing to the contrary. The judgment is reversed and the cause remanded.

*Judgment reversed.*